UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO CAVIN,

        Plaintiff,

v.

BRANDON MCBRIDE,

        Defendant.

Case No. 20-12470
Honorable Shalina D. Kumar
Magistrate Judge Anthony P. Patti

**ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 25), GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS/FOR SUMMARY JUDGMENT (ECF NO. 20), AND DISMISSING WITHOUT PREJUDICE COUNT II OF PLAINTIFF'S AMENDED COMPLAINT**

*Pro se* plaintiff Mario Cavin, who is currently incarcerated, brings this complaint under 42 U.S.C. § 1983 against corrections officer Brandon McBride. ECF No. 1. Cavin alleges McBride retaliated against him in violation of the First Amendment, the Michigan Constitution, and the Michigan Elliot-Larsen Civil Rights Act. *Id.* Cavin sought and received leave to amend his complaint, adding two additional retaliation claims. ECF No. 10. The case was referred to the magistrate judge for all pretrial matters pursuant to 28 U.S.C. § 636(b). ECF No. 17.

On March 22, 2022, McBride filed a motion to dismiss and for summary judgment. ECF No. 20. Cavin timely responded and McBride timely replied. ECF Nos. 23, 24.

On January 4, 2022, the magistrate judge issued a Report and Recommendation (R&R). ECF No. 25. The R&R recommends that the Court **GRANT IN PART** and **DENY IN PART** McBride's motion and **DISMISS** one of Cavin's claims against McBride. *Id.*

No party has filed an objection to the R&R. The failure to object to conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The Court has reviewed the record and **ADOPTS** the R&R as the findings and conclusions of the Court. Accordingly, McBride's motion to dismiss Cavin's claims for failure to state a claim is **DENIED**. McBride's motion for summary judgment on Count I of the amended complaint for failure to exhaust, which relates to McBride's retaliatory actions on February 29, 2020, is **DENIED** because Cavin properly exhausted his grievance. McBride's motion for summary judgment on Count II of the amended complaint, which relates to McBride's retaliatory actions on

October 6 and 8, 2020, is **GRANTED** because Cavin filed his amended complaint on April 9, 2021, before he received his Step III response, the final step of the administrative grievance process, on April 14, 2021. *See* ECF No. 25, PageID.205. Count II of Cavin's amended complaint is **DISMISSED WITHOUT PREJUDICE**. Now that Cavin has received his Step III response regarding the October 6 and 8 allegations and the issue is properly exhausted, he may seek leave to amend his complaint and re-allege those claims. *See Mattox v. Edelman*, 851 F.3d 583, 595 (6th Cir. 2017) ("the PLRA and Federal Rule of Civil Procedure 15 permit a plaintiff to amend his complaint to add claims that were exhausted after the commencement of the lawsuit, provided that the plaintiff's original complaint contained at least one fully exhausted claim.").

    **IT IS SO ORDERED**.

Dated: February 3, 2023

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge